**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW KAUFRINDER and CONNIE KAUFRINDER, by her son and next friend, MATTHEW KAUFRINDER, on behalf of plaintiffs and a class, <br><br>   Plaintiffs, <br><br>   vs. <br><br> ANSELMO LINDBERG OLIVER LLC, <br><br>   Defendant. | Case No. 16-cv-2622 |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**[1]

Plaintiffs Matthew Kaufrinder and Connie Kaufrinder, by her son and next friend Matthew Kaufrinder, respectfully request that this Court enter an order determining that this Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") action may proceed as a class action against defendant Anselmo Lindberg Oliver, LLC.

Plaintiffs seek the certification of a class including (a) all persons (b) sued by defendant to foreclose a residential mortgage (c) insured by the FHA (d) on a one or two family property (including condominiums and cooperatives) (e) where a complaint (original or amended) was filed or served during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action and (f) the complaint referred to a deficiency judgment against one or more borrowers.

Plaintiffs further request that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiffs state as follows:

**NATURE OF THE CASE**

1.  This action concerns attempts to collect a mortgage loan debt from plaintiff Connie

---

[1] Appendices referenced are attached to Memorandum in Support of Plaintiffs' Motion for Class Certification.

Kaufrinder on an FHA-insured loan. Plaintiff Connie Kaufrinder encountered financial hardship and fell behind on loan payments. On or about April 29, 2015, defendant Anselmo Lindberg Oliver, LLC on behalf of Fifth Third Mortgage Company, filed a complaint in a foreclosure action against plaintiff in DuPage County, Illinois. (Appendix A) Plaintiff Matthew Kaufrinder is plaintiff Connie Kaufrinder's son and assists her with her affairs, including reviewing the foreclosure documents, assisting with hiring an attorney to defend the foreclosure action, and being actively involved in assisting Connie Kaufrinder in that action.

2. Plaintiff Connie Kaufrinder's claim is being brought by Matthew Kaufrinder, as her next friend, because Connie Kaufrinder's health problems prevent her from prosecuting the claim herself, and on his own behalf as a recipient of the unlawful representations.

3. The Illinois Mortgage Foreclosure Law, 735 ILCS 5/15-1504, provides a form for foreclosure complaints, sometimes referred to as the "statutory short form" or "short form." In the foreclosure action against plaintiff, the statutory short form was filled in to state: "Names of persons claimed to be personally liable for deficiency: Connie Kaufrinder aka Connie Mandell- However, Plaintiff will not seek a personal deficiency against any party who has been discharged pursuant to Chapter 7 of the United States Bankruptcy Code or against any party who is protected by the automatic stay provisions of the United States Bankruptcy Code at the time any foreclosure sale is confirmed."

4. The Foreclosure Law provides, 735 ILCS 5/15-1504(f), that such a paragraph in the foreclosure complaint form shall be deemed and construed to be an allegation as follows: "Request for Deficiency Judgment. A request for a personal judgment for a deficiency in a foreclosure complaint if the sale of the mortgaged real estate fails to produce a sufficient amount to pay the amount found due, the plaintiff may have a personal judgment against any party in the foreclosure indicated as being personally liable therefor and the enforcement thereof be had as provided by law."

5. The statutory short form does not require or encourage representing that a deficiency will be sought if a deficiency will not be sought or is not legally available. *Palatine Sav.*

*and Loan Ass'n v. National Bank & Trust Co. of Sycamore*, 80 Ill.App.3d 437, 399 N.E.2d 1015 (2d Dist. 1980).

      6.      In fact, the FHA narrowly limits the circumstances under which a deficiency will be sought to cases where the borrower committed fraud or engaged in a "strategic" default. The FHA does not authorize deficiencies where, as here, plaintiff suffered a financial emergency or hardship.

      7.      Pertinent FHA/ HUD policy statements are attached as Appendices B-C.

      8.      During the last three years, the number of instances in which FHA/ HUD has found that pursuit of a personal deficiency judgment against an Illinois homeowner is appropriate under its policies is zero (0).

      9.      A letter of October 28, 2015 from FHA/ HUD (Appendix D) states:

> There have been zero foreclosed FHA loans in Illinois in which the pursuit of a deficiency judgment was authorized. FHA is not currently pursuing deficiency judgments. HUD published its Final Rule on deficiency judgments in the Federal Register on February 16, 1988, (at 53 FR 4384). The Rule, which appears in the Code of Federal Regulations at 24 CFR 203.369, went into effect March 28, 1988. Mortgage Letter 2008-43, issued December 24, 2008, reminded Mortgagees that if a foreclosure occurs after the mortgagor unsuccessfully participated in the Pre-Foreclosure Sale process in good faith, neither the mortgagee nor HUD will pursue the mortgagor for a deficiency judgment. Mortgagee Letter 2014-24, issued November 26, 2014, discussed the use of FHA's Claims without Conveyance of Title (CWCOT) procedures.
>
> After weighing the significant anticipated costs and limited potential benefits, the Department has determined it is not the best interests of FHA to routinely seek deficiency judgments in connection with CWCOT claims. Therefore, FHA is not requesting that the mortgagees pursue any deficiency judgments in connection with CWCOT claims, unless FHA makes a special request pursuant to 24 CFR 203.369. . . .

      10.      Defendant, which regularly enforces FHA mortgage loans, knows or should know that there is essentially zero likelihood that a personal deficiency will be authorized to be sought on an FHA loan.

      11.      The statutory complaint form may be, and commonly is, filled out to state that a deficiency will not be sought (e.g., if the transaction is non-recourse, such as a reverse mortgage, or if the homeowner has discharged the debt in bankruptcy) or that a deficiency will be sought only in specified circumstances, as appropriate. (Appendices A, E)

      12.      By representing that a deficiency judgment will be sought if the sale of the property

3

does not satisfy the debt, when it is virtually certain under FHA regulations and policies that no deficiency will be authorized to be sought on an FHA loan, defendant:

    a. Falsely represents the character, amount and legal status of the debt,

    b. Represents that nonpayment of the debt will result in personal liability when such action is not lawful and intended to be taken,

    c. Threatens to take action that cannot legally be taken or that is not intended to be taken,

    d. Uses false representation or deceptive means to collect or attempt to collect any debt, and

    e. Threatens collection of amounts in contravention of law.

13. Defendant also fails to state material facts necessary to avoid misleading the consumer.

14. The misrepresentation/omission is highly material because a homeowner:

    a. May file bankruptcy or take other action to resolve feared personal liability in the belief that a personal deficiency may be sought when this is not the case,

    b. Is at a disadvantage in negotiating with defendant if he or she believes that a personal deficiency may be sought when this is not the case, and

    c. Will not provide information to FHA as to why a deficiency is inappropriate.

15. Many homeowners facing foreclosure are unrepresented and will take the threat of a deficiency at face value.

16. Additionally, the homeowner has the right to provide exculpatory information in the rare event that FHA believes a deficiency should be pursued.

## CLASS CERTIFICATION REQUIREMENTS

17. All requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been met.

18. The class is so numerous that joinder is impracticable. On information and belief,

there are in excess of 35 class members. During 2015, defendant filed over 800 mortgage foreclosures in Cook County alone. (Appendix F) FHA loans account for about 10-20% of all home loan originations nationally, depending on the year. (Appendix G) It is therefore reasonable to infer that defendant has filed at least 35 foreclosure complaints involving FHA-insured loans for which it was virtually certain that no deficiency would be authorized.

19. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's statements regarding obtaining a deficiency judgment violates the FDCPA.

20. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

21. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases. (Appendix H)

22. A class action is superior for the fair and efficient prosecution of this matter, in that: (a) individual actions are not economically feasible; (b) members of the class are likely to be unaware of their rights; and (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

23. In further support of this motion, plaintiffs submit the accompanying memorandum of law.

### NEED FOR CLASS MOTION AT THIS TIME

24. Plaintiffs are filing a class certification motion at this time to avoid any "other defenses" as described by the Seventh Circuit in *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015). While the Chapman court overruled the mootness issue expressed in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), the court specifically cautioned that:

> Rejecting a fully compensatory offer may have consequences other than mootness, however. As we put it in Griesz v. Household Bank, 176 F.3d 1012, 1015 (7th Cir.

1999), "[y]ou cannot persist in suing after you've won." Although even a defendant's proof that the plaintiff has accepted full compensation ("accord and satisfaction" in the language of Rule 8(c)(1)) is an affirmative defense rather than a jurisdictional bar, the conclusion that a particular doctrine is not "jurisdictional" does not make it vanish. The question raised by Griesz and similar opinions is whether a spurned offer of complete compensation should be deemed an affirmative defense, perhaps in the nature of an estoppel or a waiver. That would be consistent with Rule 68, which is designed for offers of compromise (the normal kind of settlement) rather than offers to satisfy the plaintiff's demand fully. Cost-shifting under Rule 68(d) is not necessarily the only consequence of rejecting an offer when the plaintiff does not even request that the court award more than the defendant is prepared to provide.

*Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015).

25. Despite the recent ruling by the Supreme Court in *Gomez v. Campbell-Ewald Company*, No. 14-857, 2016 WL 228345 (Jan. 20, 2016), holding that an unaccepted offer of judgment does not moot a class action, a question remains as to "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at *8. Defense counsel are encouraging the making of such tenders. (Appendices I-K) Consequently, plaintiffs submit that the interests of the class are best protected filing of a class motion.

WHEREFORE, for the reasons stated above and in plaintiffs' supporting memorandum, this Court should certify this case as a class action case.

                     Respectfully submitted,

                     s/Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603

(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

     I, Daniel A. Edelman, hereby certify that on February 26, 2016, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, and shall cause to be served, as soon as service may be effectuated, a true and accurate copy of such filing via process server upon the following:

Anselmo Lindberg Oliver LLC
c/o registered agent Thomas J. Anselmo
1771 W. Diehl Road, Suite 120
Naperville, IL 60563


                                                    s/Daniel A. Edelman