**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW KAUFRINDER and CONNIE KAUFRINDER, by her son and next friend, MATTHEW KAUFRINDER, on behalf of plaintiffs and a class, | ) ) ) ) ) | Case No. 16-cv-2622 |
| Plaintiffs, | ) ) ) | Judge Bucklo Magistrate Judge Schenkier |
| vs. | ) ) | |
| ANSELMO LINDBERG OLIVER LLC, | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION TO ENTER AND CONTINUE
PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiffs respectfully request that her motion for class certification be entered and continued until the Court sets an initial status hearing in this matter.

In support of this motion, plaintiffs state as follows:

1. Plaintiffs filed their complaint and motion for class certification on February 26, 2016, and their memorandum in support of class certification on February 29, 2016.

2. Plaintiffs noticed up the motion for class certification for March 8, 2016.

3. Defendant Anselmo Lindberg Oliver, LLC has not yet been served with either the complaint or the motion for class certification, and accordingly, has not yet appeared.

4. Plaintiffs filed the motion at the same time as the Complaint to avoid any "other defenses" as described by the Seventh Circuit in *Chapman v. First Index, Inc*., 796 F.3d 783, 787 (7th Cir. 2015). While the Chapman court overruled the mootness issue expressed in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), the court specifically cautioned that:

1

> Rejecting a fully compensatory offer may have consequences other than mootness, however.  As we put it in Griesz v. Household Bank, 176 F.3d 1012, 1015 (7th Cir. 1999), "[y]ou cannot persist in suing after you've won."  Although even a defendant's proof that the plaintiff has accepted full compensation ("accord and satisfaction" in the language of Rule 8(c)(1)) is an affirmative defense rather than a jurisdictional bar, the conclusion that a particular doctrine is not "jurisdictional" does not make it vanish.  The question raised by Griesz and similar opinions is whether a spurned offer of complete compensation should be deemed an affirmative defense, perhaps in the nature of an estoppel or a waiver.  That would be consistent with Rule 68, which is designed for offers of compromise (the normal kind of settlement) rather than offers to satisfy the plaintiff's demand fully.  Cost-shifting under Rule 68(d) is not necessarily the only consequence of rejecting an offer when the plaintiff does not even request that the court award more than the defendant is prepared to provide.

*Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015).

5.	Despite the recent ruling by the Supreme Court in *Gomez v. Campbell-Ewald Company*, No. 14-857, 2016 WL 228345 (Jan. 20, 2016), holding that an unaccepted offer of judgment does not moot a class action, a question remains as to "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at *8.  Defense counsel are encouraging the making of such tenders.  Consequently, plaintiffs submit that the interests of the class are best protected filing of a class motion.

WHEREFORE, plaintiffs respectfully request that the motion for class certification be entered and continued until the Court sets an initial status hearing in this matter.

                                Respectfully submitted,

                                s/ Michelle A. Alyea

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner

Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Michelle A. Alyea, hereby certify that on February 29, 2016, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, and shall cause to be served, as soon as service may be effectuated, a true and accurate copy of such filing via process server upon the following:

Anselmo Lindberg Oliver LLC
c/o registered agent Thomas J. Anselmo
1771 W. Diehl Road, Suite 120
Naperville, IL 60563

                                                                        s/ Michelle A. Alyea